BENJAMIN MANIERRE, JR., A MINOR, BY FRANCIS E. MANIERRE, HIS GUARDIAN

*v.*

STATE OF ILLINOIS.

*Opinion filed May 22, 1923.*

INHERITANCE TAX—*when claimant entitled to refund. Section 25.* There being no dispute as to the facts and the law governing the case, the Court enters an award for a refund of the tax paid, in accordance with the provisions of Section 25, Inheritance Tax Law.

Edward J. Brundage, Attorney General, for State.

It appears that Benjamin Manierre, father of the claimant, died leaving a last will and codicil; that said will was admitted to probate in the Probate Court of Cook County, Illinois, that said will remains in force and that the executors have been discharged, said estate distributed and said estate closed, and that by the terms of said will claimant received in trust an estate in remainder in a portion of said decedent's estate after the life of claimant's mother, Lilly C. Manierre, if he survived her, but if he should not survive her, upon the death of said Lilly C. Manierre was to become vested in George Manierre and William R. Manierre, brothers of said deceased, or in the case of the death of either or both, then to the surviving child or children of them, who would be nephews or nieces of said Benjamin Manierre, deceased.

It further appears that the Inheritance Tax Commission of Illinois caused an appraisal to be made of all the estate of said Benjamin Manierre, deceased, and certain taxes were declared upon the several inheritances and successions under said will of Benjamin Manierre, deceased, and thereafter upon petition filed in the County Court of Cook County, said Court entered its judgment in accordance with said appraisal of said Inheritance Tax Commission that under such assessment said portion of said estate so contingently devised and bequeathed to claimant under section 25 of said Act of the Statute of Illinois, thereby assessing the same as if said remainder had vested in a niece or nephew of said Benjamin Manierre, deceased, allowing only $2,000.00 as an exemption, and fixing the rate at two per cent.

It further appears that all said assessments were paid to the Treasurer of Cook County, and that of that amount the sum of $4,097.60 was assessed on account of the estate so held as a remainder for the benefit of a niece or nephew of said Benjamin Manierre, deceased and which could only take effect in possession or fee if claimant should die without issue before the death of his mother, Lilly C. Manierre, and that five per cent thereof was deducted for prompt payment as provided by law, and the net amount of $3,892.72 was paid on

March 16, 1917, in full of said item, that on the fifteenth day of September, 1921, said Lilly C. Manierre died, leaving claimant surviving, so that the said remainder became immediately vested in claimant. The claimant further avers that thereafter he filed a petition in the County Court, Cook County, praying for a revision of said assessment upon the inheritance and successions of the estate of Benjamin Manierre, deceased, based on the death of said Lilly C. Manierre, and the fact that the claimant survived her and such proceedings were had, that a revision was made of said assessment upon said remainder, reducing the former assessment thereon in the sum of $844.40, which sum should be and was reduced by five per cent as provided by law since the payment thereof had already been made, making a net item of $802.16; that no appeal or other proceedings for a review of said judgment of revision has been had, and the same now stands confirmed and in full force. It further appears that the difference between the original assessment so paid and the assessment made upon the revision as aforesaid is $3,090.54, and that claimant is entitled to said difference with interest thereon from March 16, 1917, at three per cent as provided by law to date of repayment as found by said judgment in said County Court. The defendant by its Attorney General makes no objection and consents to allowance as prayed for in petition of claimant. It is therefore considered by this Court that the claimant be allowed the sum of $3,090.54 with interest from March 16, 1917.